United States Bankruptcy Court
Eastern District of Pennsylvania

In re:   
Barry W. Kutz   
Nancy Kutz   
    Debtors

Case No. 18-15867-ref   
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: SaraR     Page 1 of 1     Date Rcvd: Mar 05, 2019  
                                Form ID: pdf900     Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 07, 2019.
```
db/jdb         +Barry W. Kutz,    Nancy Kutz,    160 Spring Street,    Easton, PA 18042-6181
cr             +Wilson Area School District,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
                 Norristown, PA 19404-3020
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/PDF: gecsedi@recoverycorp.com Mar 06 2019 03:18:32      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                             TOTAL: 1
```

              ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 07, 2019                                                   Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 5, 2019 at the address(es) listed below:
```
              JAMES RANDOLPH WOOD    on behalf of Creditor    Wilson Area School District
               jwood@portnoffonline.com, jwood@ecf.inforuptcy.com
              JOHN J. MARTIN    on behalf of Debtor Barry W. Kutz jmartin@martin-law.net,
               kmartin@martin-law.net;nmundy@martin-law.net;jashley@martin-law.net
              JOHN J. MARTIN    on behalf of Joint Debtor Nancy  Kutz jmartin@martin-law.net,
               kmartin@martin-law.net;nmundy@martin-law.net;jashley@martin-law.net
              REBECCA ANN SOLARZ    on behalf of Creditor    HSBC Bank USA, NA, as Trustee for Carrington
               Mortgage Loan Trust bkgroup@kmllawgroup.com
              ROLANDO   RAMOS-CARDONA    on behalf of Trustee SCOTT   WATERMAN RRamos-Cardona@fredreiglech13.com
              SCOTT   WATERMAN    ECFmail@fredreiglech13.com, ECF_FRPA@Trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM   MILLER*R    on behalf of Trustee WILLIAM   MILLER*R ecfemail@FredReigleCh13.com,
               ECF_FRPA@Trustee13.com
                                                                                             TOTAL: 8
```

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nancy Kutz<br>Barry W. Kutz<br>　　　　　Debtors | CHAPTER 13 |
| HSBC Bank USA, National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-HE1 Asset-Backed Pass-Through Certificates<br>　　　　　Movant<br>vs. | NO. 18-15867 REF<br><br>11 U.S.C. Section 362 |
| Nancy Kutz<br>Barry W. Kutz<br>　　　　　Debtors | |
| Scott Waterman<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,080.02**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2018 to February 2019 at $1,607.53 |
| Suspense Balance: | $1,350.10 |
| **Total Post-Petition Arrears** | **$5,080.02** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on March 1, 2019 and continuing through August 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,607.53** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$846.67** towards the arrearages on or before the last day of each month at the address below;

CARRINGTON MORTGAGE SERVICES, LLC<br>
P.O. BOX 3730<br>
ANAHEIM, CA 92806

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 14, 2019            By: /s/ Rebecca A. Solarz, Esquire
                                   Attorney for Movant

Date: 2-28-19                      _____
                                   John J. Martin, Esquire
                                   Attorney for Debtors


Date: 3/4/2019                     /s/ Polly A. Langdon, Esquire, for
                                   Scott Waterman, Esquire
                                   Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

**Date: March 5, 2019**

Bankruptcy Judge
Richard E. Fehling